BLAKE GOODMAN, P.C.
Blake Goodman  HSBA 7436
900 Fort Street, Suite 920
Honolulu, Hawaii 96813
808 528-4274  Office
808 536-1008  Fax
Attorney for Petitioner
Leonard P. Acio

## UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | **Case No.: 04-00615** |
| | ) | **Chapter 13** |
| Leonard P. Acio, | ) | |
| | ) | **MOTION FOR HARDSHIP** |
| | ) | **DISCHARGE AND APPROVAL** |
| | ) | **OF ATTORNEY'S FEES** |
| | ) | |
| | ) | Hearing Date:  June 25, 2009 |
| | ) | Time:            9:30 a.m. |
| Debtor. | ) | |
| | ) | Honorable Judge Robert J. Faris |

## MOTION FOR HARDSHIP DISCHARGE AND
## APPROVAL OF ATTORNEY'S FEES

Debtor, Leonard P. Acio, by and through his Attorney, BLAKE

GOODMAN of BLAKE GOODMAN, P.C., hereby petitions the Court for an

Order granting his Motion for Hardship Discharge and Approval of Attorney's

Fees.  This Motion is filed in accordance with 11 U.S.C. § 1328(b) and Local

Bankruptcy Rule 9014.  As grounds for the above request, Debtor will show:

1.    On March 11, 2004, Debtor filed a petition for relief under

Chapter 13, which was subsequently confirmed on May 6, 2004.

2.    On January 28, 2009, the Trustee's Motion to Dismiss Case  was filed due to delinquent payments and missing tax refunds.  Debtor is currently $2,340.00 behind on plan payments (this amount would also complete his plan as proposed), and owes only one tax refund to the chapter 13 Trustee of $1,176.00 for tax year 2004.  At the May 14, 2009 hearing on the Motion to Dismiss, Debtor was given until May 28, 2009 to file the instant motion for hardship discharge.

3.    By declaration of the Debtor, attached in support of the instant motion, Debtor is clearly entitled to a hardship discharge under §1328(b).  First, Debtor's failure to complete payments under the plan is due to circumstances beyond his control, i.e. medical conditions, both physical and mental, and loss of employment, which he should not be held accountable for in accordance with §1328(b)(1).

4.    Debtor's troubles started when he committed himself to an addiction program in June 2004, lasting until August 2004.  This eventually led to his employer, Foodland, discharging him in December, 2004.  While Debtor did his best to pay the trustee what he could, he stayed unemployed (and without unemployment compensation) until October, 2005.   During his unemployment he needed to use his 2004 tax refund (the only refund during the life of his plan not submitted to the Trustee) in order to meet his living overhead.

Debtor did regain new employment at Star Markets in October 2005, but began falling behind again on his plan payments when in September 2007 he was forced to start paying child support payments of $730 per month.

Lastly in April, 2009, Debtor suffered a sub dural haematoma and was hospitalized.  By Doctor's orders he will be out of work until July, 2009.  While he is receiving Temporary Disability Insurance payments which equate roughly to his net wages, he is uncertain how long those benefits will last.

.    5.    Accordingly, based on the foregoing, the criteria under §1328(b)(1) has been successfully met.  It is well recognized that the circumstances allowing for a hardship discharge need not be catastrophic, but only need to be such that make it impossible for the debtor to complete the plan.  See In re Bandilli, 231 B.R. 836 (B.A.P. 1st Cir. 1999); In re Edwards, 207 B.R. 728 (Bankr. N.D. Fla. 1997).

6.    Secondly, the value of property distributed to date under the plan to unsecured creditors, **exceeds** the amount which would have been paid to the unsecured creditors under a chapter 7 liquidation in accordance with §1328(b)(2). In a chapter 7, the estimated distribution to general unsecured creditors under the liquidation analysis would have been $0.00.  Meanwhile, the plan has paid to date $242.96 to general unsecured creditors.  Accordingly, the criteria under §1328(b)(2) has been successfully met.

7.    Lastly, the circumstances of the Debtor make it impracticable to

propose a modified plan under §1328(b)(3). Debtor's plan should have completed in March, 2009 (60 months). Therefore, since the maximum number of months that a debtor can remain in chapter 13 has expired, a modification is clearly not practical. The criteria under §1328(b)(3) has been successfully met.

8. The Debtor's additional attorney's fees, in the amount of $1,000.00, related to post-confirmation services, including this motion are herein being applied for, due to the reality that an application for additional attorney's fees would result in unnecessary cost and expense to the Debtor. The attorney's fees of $1,000.00 has been prepaid to Debtor's attorney's trust account and are pending approval of the Court.

WHEREFORE, ABOVE PREMISES CONSIDERED, Debtor, Leonard P. Acio, by and through his Attorney, Blake Goodman of Blake Goodman, P.C. moves this Court for an Order granting Debtor's Motion for Hardship Discharge and Approval of Attorney's Fees.

Dated: Honolulu, Hawaii, May 22, 2009.

Respectfully submitted by:

/s/   Blake Goodman
BLAKE GOODMAN
Attorney for Debtor
Leonard P. Acio